# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

No. 09-30699
Summary Calendar

Lyle W. Cayce
Clerk

LOUIS F. LINDSLEY,

Plaintiff–Appellant

v.

BELLSOUTH TELECOMMUNICATIONS INC; DIRECTIONAL ROAD
BORING INC,

Defendants-Cross Claimants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-6569

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

In the wake of Hurricane Katrina, BellSouth Telecommunications, Inc. ("BellSouth") had an immediate need for "splicers" to maintain and repair above-ground telephone lines. BellSouth contracted with Directional Road Boring, Inc. ("DRBI") to perform this work. DRBI sub-contracted with Robert J. Parker d/b/a

---

[*] Pursuant to Fifth Circuit Rule 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.

No. 09-30699

Parker Communications ("Parker"). Parker hired individual splicers, including plaintiff Louis F. Lindsley.

After his employment ended, Lindsley filed suit in federal district court. Lindsley alleged that he was not adequately paid for hours worked in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 207(a)(1) (requiring that covered employers pay employees at least one-and-a-half times the regular rate for hours worked in excess of forty hours per week). BellSouth and DRBI (collectively "Defendants") filed a motion for summary judgment, arguing that the FLSA did not cover Lindsley because he was an independent contractor rather than an employee. The district court agreed and granted Defendants' motion for summary judgment. Lindsley timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

"To determine if a worker qualifies as an employee [under the FLSA], we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). To aid in this inquiry, we consider five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id.* The ultimate determination of whether an individual is an employee under the FLSA is a legal, and not a factual, finding. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1045 (5th Cir. 1987). Accordingly, "we review the determination that [plaintiffs] were not employees as we review any determination of law," which is de novo. *Donovan v. Am. Airlines, Inc.*, 686 F.2d 267, 270 n.4 (5th Cir. 1982).

No. 09-30699

This case is largely controlled by our recent decision in *Thibault v. BellSouth Telecommunications, Inc.*, 612 F.3d 843 (5th Cir. 2010). *Thibault* addressed the issue of FLSA employee status for another splicer hired by BellSouth in the New Orleans area after Hurricane Katrina. In fact, Louis Thibault worked for Parker at the same time and in the location as Lindsley, albeit on different work crews. Like Thibault, Lindsley worked for Parker for approximately three months, and was paid at a rate of $68 an hour along with a $50 per diem. The splicers worked twelve to thirteen hour days for thirteen consecutive days before receiving the fourteenth off. Both reported for work every morning to get his assignments, and although Defendants inspected their repair work, they did not instruct either how to actually perform the work. Both men provided their own equipment, including bucket trucks, and the tools required for the job valued at approximately $10,000. Defendants provided additional materials for the splicing including tape and splicing modules.

In *Thibault*, this Court held that the plaintiff was not an employee of Defendants under the FLSA. 612 F.3d at 849. We found that our decision regarding welders in *Carrell v. Sunland Construction, Inc.*, 998 F.2d 330 (5th Cir. 1993) provided "substantial guidance" in our analysis. *Id.* at 846. This is in contrast to our unpublished decision in *Cromwell v. Driftwood Electrical Contractors, Inc.*, 348 Fed. Appx. 57 (5th Cir. 2009). In that case, we found that other splicers performing work in the wake of Hurricane Katrina were employees under the FLSA, as these splicers were more analogous to the employee welders in *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662 (5th Cir. 1983) than the non-employee welders in *Carrell*. *Cromwell*, 348 Fed. Appx. at 60–61. Despite the similarity of facts between the splicers in *Thibault* and *Cromwell*, we noted that *Cromwell* distinguished *Carrell* in a way not applicable to *Thibault*: "the splicers in *Cromwell* did 'not have the same temporary, project-by-project, on-again-off-again relationship with their purported employers.'"

3

*Thibault*, 612 F.3d at 849 (quoting *Cromwell*, 348 Fed. Appx. at 60). The *Cromwell* splicers worked for their employers for eleven months, similar to the *Robicheaux* welders who worked for the employer for periods ranging from ten months to three years, and unlike the *Carrell* welders who worked annually for the contractor for three to sixteen weeks, and the *Thibault* splicers who worked for the contractor for approximately three months. *See Cromwell*, 348 Fed. Appx. at 60–61; *Thibault*, 612 F.3d at 845.

The *Thibault* court also distinguished its facts from those in *Cromwell* in that Plaintiff Thibault continued to own and operate his own business in Delaware, overseeing its "operations and multiple employees." *Thibault*, 612 F.3d at 849. Thibault also deposited all payments he received from Parker into his company's account for "tax reasons." *Id.* The *Thibault* court used this evidence to show that unlike in *Cromwell*, "Thibault is a sophisticated, intelligent business man who entered into a contractual relationship to perform a specific job for the defendants." *Id.*

Because the facts in this case are so similar to those in *Thibault*, we will not repeat the *Thibault* court's full analysis of the *Hopkins* factors. The two distinctions that *Thibault* made from *Cromwell*, however, merit discussion. Similar to *Thibault*, Lindsley worked for Parker for approximately three months, unlike the eleven month employment in *Cromwell*. Therefore, as we stated in *Thibault*, "*Cromwell* made a distinction from the *Carrell* welders that does not apply . . . ." *Thibault*, 612 F.3d at 849. Unlike in *Thibault*, Lindsley did not own and continue to operate an independent business while working for Parker, and claims that he was forbidden and unable to work for any other company as a splicer while with Parker. This distinction does push against part of this Court's basis for distinguishing *Thibault* from *Cromwell*. However, Lindsley does have several decades of experience as a splicer, considers himself "self-employed," and has paid self-employment tax. Lindsley's single material

distinction from *Thibault* is not strong enough to merit a finding that Lindsley, unlike Thibault, was "economically dependent" on Defendants.  Like *Thibault*, this case falls under the umbrella of *Carrell* rather than *Robicheaux*.

For the foregoing reasons, we find that the district court did not err in granting summary judgment to Defendants.  The judgment of the district court is therefore AFFIRMED.